IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAWRENCE L. MAYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-22-27-C |
| | ) | |
| DEPARTMENT OF CORRECTIONS, et al., | ) ) | |
| | ) | |
| Respondent. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner filed the present action pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Suzanne Mitchell, who entered a Report and Recommendation ("R&R") on February 16, 2022, recommending the Petition be dismissed. Petitioner has timely objected.

In light of Petitioner's Objection to the R&R, the Court has considered the matter de novo. After that review, the Court finds the substantive facts and law are accurately set out in Judge Mitchell's R&R and there is no purpose to be served in repeating them yet again. As Judge Mitchell notes, Petitioner is attempting to raise issues that are the subject of prior § 2254 Motions filed by Petitioner. Each of those Motions was denied and the Tenth Circuit denied the subsequent requests for Certificate of Appealability ("COA"). As Judge Mitchell notes, this Court cannot consider the claims raised by Petitioner absent a COA from the Tenth Circuit. Thus, the present action must be dismissed without prejudice, as the Court lacks jurisdiction to consider it.

The Court also agrees with Judge Mitchell that even were the current Petition construed as brought pursuant to 28 U.S.C. § 2241, this Court is not the proper venue for the action. As Judge Mitchell noted, transfer is not in the interest of justice and dismissal is the appropriate remedy. In his Objection to the R&R Petitioner appears to request this action be transferred to the Oklahoma state court system, specifically the District Court of Oklahoma County. This Court cannot transfer a case to state court to cure a defect in venue. See 28 U.S.C. §1631.

Judge Mitchell noted Petitioner's repeated filings in the Tenth Circuit (multiple requests for a COA) and the fact that that Court has admonished Petitioner against any future filings raising the same claims. Judge Mitchell recommended the Court consider imposing filing restrictions on Petitioner. In its Order dated September 10, 2020, in case no. CIV-20-480-C, the Court specifically warned Petitioner that future frivolous filings would result in imposition of filing restrictions. As the Court noted in its warning to Petitioner, "[T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989) (citation omitted). When a party has "engaged in a pattern of litigation activity which is manifestly abusive," restrictions are appropriate. Johnson v. Cowley, 872 F.2d 342, 344 (10th Cir. 1989). Additionally, where, as here, a litigant continues to file offensive and/or abusive documents, the Court may, under its inherent powers, strike those pleadings from the file.

2

See Phillips v. Carey, 638 F.2d 207, 208 (10th Cir. 1981) (citing Fed. R. Civ. P. 12(f) (upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter)).

The Court finds imposition of filing restrictions against Petitioner is warranted. The Tenth Circuit has set out three criteria that must be met prior to imposition of filing restrictions: 1) there must be a pattern of abusive behavior; 2) the proposed restrictions must be disclosed to the litigant prior to imposition; and 3) the litigant must be given an opportunity to object to the restrictions. Tripati, 878 F.2d 353. As clearly demonstrated in the R&R, Petitioner has a pattern of abusive behavior. Therefore, Petitioner is hereby ordered to show cause why the filing restrictions set forth below should not be imposed to address his repetitive abusive filing history:

1. Petitioner shall be prohibited from filing another § 2254 case in this district unless Petitioner is represented by counsel or, if he proceeds pro se, provides a copy of authorization from the Tenth Circuit Court of Appeals. Accompanying any proposed new § 2254 case must be an affidavit listing all previous actions and providing notice of this filing restriction. A proposed Petition shall accompany the affidavit. Upon compliance with these requirements, the Court will review the Petition and determine whether it will be accepted for filing. Failure to comply with these restrictions will result in Petitioner's filing being returned unfiled.

Petitioner's show cause response shall be filed within 20 days of the date of this Order.

As set forth more fully herein, the Court adopts, in full, the Report and Recommendation of the Magistrate Judge (Dkt. No. 8). As set forth above, Petitioner shall, within 20 days of the date of this Order, show cause why the proposed filing restrictions shall not be imposed. A separate judgment will issue.

IT IS SO ORDERED this 6<u>th</u> day of April, 2022.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge